1
2
3                                                          O
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
10
11   DONALD ROBERT VIERHELLER,          Case No. EDCV-16-02122-TJH (KES)
12                      Petitioner,
13        v.                            ORDER SUMMARILY DISMISSING
                                        PETITION FOR WRIT OF HABEAS
14   WARREN L. MONTGOMERY,              CORPUS FOR LACK OF SUBJECT
     Warden,                            MATTER JURISDICTION
15
16                      Respondent.
17
18        On October 5, 2016, Donald Robert Vierheller ("Petitioner") filed a Petition
19   for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C.
20   § 2254 ("Petition"). (Dkt. 2.)  Under Rule 4 of the Rules Governing Section 2254
21   Cases in the United States District Courts, a habeas petition filed by a person in
22   state custody "must" be summarily dismissed "[i]f it plainly appears from the
23   petition and any attached exhibits that the petitioner is not entitled to relief in the
24   district court[.]"   As more fully explained below, the present Petition must be
25   dismissed as an unauthorized second or successive petition pursuant to 28 U.S.C.
26   § 2244(b).
27
28
                                          1

# I.

## BACKGROUND

The following facts are taken from the Petition, the Court's own records, or public records; where necessary, the Court takes judicial notice of the latter.  See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

## A.    Conviction and Direct Appeal

On June 11, 2001, Petitioner was convicted by a jury of carjacking, automobile theft, and felony false imprisonment.  People v. Vierheller, 2002 Cal. App. Unpub. LEXIS 6353, at *1 (Cal Ct. App. July 10, 2002).  He was sentenced to 25 years to life under California's "Three Strikes" law. Id. at *1-2. Petitioner appealed his conviction to the California Court of Appeal in case no. E029919.  Id. The Court of Appeal affirmed the convictions on July 10, 2002.  Id. [1]  Petitioner filed a petition for review with the California Supreme Court in case no. S109152, but the petition was denied on September 25, 2002.  People v. Vierheller, 2002 Cal. LEXIS 6287 (Cal. Sept. 25, 2002).

## B.    Prior Attempts to Seek Habeas Relief in State and Federal Courts

On May 5, 2003, Petitioner filed his first petition for writ of habeas corpus under 28 U.S.C. § 2254 in case no. 5:03-cv-00502-TJH-SGL.  After the respondent moved to dismiss for failure to exhaust some of the claims raised therein, the court

---

[1]    The Court of Appeal did order that the judgment be amended to accurately reflect the trial judge's oral ruling that the felony false imprisonment sentence should be stayed. Vierheller, 2002 Cal App. Unpub. LEXIS 6353, at *3.

1   informed Petitioner that he could either amend his petition to exclude the non-
2   exhausted claims, seek a stay to exhaust those claims in state court, or face
3   dismissal of the entire petition.  When Petitioner failed to timely respond, the court
4   dismissed the petition on May 5, 2004.  After the dismissal, Petitioner belatedly
5   sought a stay of the proceedings to exhaust his claims in state court; the court
6   denied this request on January 18, 2005.

7       In 2012, Petitioner renewed his attempts to seek habeas relief. He filed a
8   habeas petition in the California Court of Appeal on November 13, 2012 in case no.
9   E057482.  That petition was denied on November 27, 2012.  He then filed a habeas
10  petition in the California Supreme Court on February 8, 2013 in case no. S208546.
11  That petition was denied on April 17, 2013.

12      On June 19, 2013, Petitioner filed a second federal habeas petition under 28
13  U.S.C. § 2254 in case no. 5:13-cv-01087-TJH-AN.  On June 21, 2013, the court
14  ordered Petitioner to show cause why the petition should not be dismissed as
15  untimely.  The court noted that Petitioner had asserted a freestanding claim of
16  actual innocence, and that a credible claim of actual innocence constituted an
17  equitable exception to the one-year statute of limitations in the Anti-Terrorism and
18  Effective Death Penalty Act ("AEDPA").  The court described the evidence
19  proffered by Petitioner as follows:

20          In support of his actual innocence claim, Petitioner attaches the
21          declaration of an individual named Stephanie Quintana, whose
22          relationship to this case is unexplained. According to Quintana's
23          declaration, she personally contacted Petitioner's codefendant,
24          Anthony Hernandez, in a Facebook private message, on 19 January 7,
25          2012. Quintana then alleges that during subsequent conversations via
26          Facebook message, by phone, and apparently once over dinner on
27          May 19, 2012, Hernandez told her he alone carjacked the victim, and
28          that Petitioner was unaware Hernandez intended to get into the

3

1    victim's car and drive away (Petitioner was convicted as an aider and
2    abettor). Hernandez also allegedly told Quintana that at the time he
3    carjacked the victim, Petitioner was walking toward his own vehicle,
4    and he never knew what was happening, nor did he participate.
5    Finally, Quintana states that Hernandez is unwilling to personally sign
6    a declaration making these assertions because he fears retribution
7    from his criminal street gang. Petitioner argues that since Hernandez
8    was never called to testify at his trial, the jury never learned his
9    version of events, but that Quintana's declaration is evidence
10   Hernandez has since "made repeated statements to a third-party which
11   would tend to exculpate Petitioner."

12   (Case No. 5:13-cv-01087-TJG-AN, Dkt. 5 at 7-8.)

13   After reviewing the record, the court determined that the Quintana
14   declaration fell "grossly short" of what is required to bring an untimely petition
15   under the actual innocence exception for several reasons.  First, it was inadmissible
16   hearsay of questionable credibility. (Id. at 8.)  Second, even if Hernandez made the
17   alleged statements, they "would not come close to overcoming the evidence at trial,
18   which established" Petitioner's active participation in the carjacking. (Id.)  Third,
19   another of Petitioner's friends had already testified at trial that Hernandez carjacked
20   the victim "to the surprise of both [the friend] and Petitioner," and "[t]he jury
21   clearly did not believe [the friend's] version of events[.]"   (Id.)   Fourth,
22   Hernandez's statements concerned events that took place in 1999, and Petitioner
23   had presented no explanation for the delay in presenting this "new" evidence." (Id.
24   at 9.)  Petitioner failed to respond to the order to show cause, and his second
25   petition was dismissed as untimely on July 22, 2013.

26   After Petitioner's second federal habeas petition was dismissed, he returned
27   to the state courts.  He filed a petition for a writ of habeas corpus in the California
28   Court of Appeal on October 13, 2015 in case no. E064622.  That petition was

1   denied on October 20, 2015.  He filed a petition for a writ of habeas corpus in the

2   California Supreme Court on May 18, 2015 in case no. S234603. That petition was

3   denied on June 29, 2016.

4   **C.**    **The Present Petition**

5       The Petition in the present case was filed on October 5, 2016.  (Dkt. 2.)  As

6   in his 2013 federal habeas petition, Petitioner asserts that he has "new evidence to

7   prove actual innocence."  (Id. at 5 ¶ 8(a).)  Similar to what he alleged in the prior

8   petition, Petitioner alleges that in February 2015, Mr. Hernandez made statements

9   tending to exculpate Petitioner, this time to a person named Melahe Khan-Avila.

10   Specifically, Mr. Hernandez allegedly stated that Petitioner did not participate in

11   the carjacking and that Mr. Hernandez did not testify to this effect at trial because

12   the prosecutor advised him that, if he did, an offered plea bargain would be

13   revoked.  (Id. at 14.)  Petitioner alleges that these "threats" by the prosecutor were

14   not revealed until February 2015. (Id. at 14-15.)   Petitioner argues that this

15   constitutes new evidence of actual innocence that excuses the untimeliness of his

16   petition under AEDPA.  (Id. at 15-16.)

17             **II.**

18         **DISCUSSION**

19       The Petition now pending is governed by AEDPA, which provides in

20   pertinent part as follows:

21       (b)(1) A claim presented in a second or successive habeas corpus

22       application under section 2254 that was presented in a prior

23       application shall be dismissed.

24       (2) A claim presented in a second or successive habeas corpus

25       application under section 2254 that was not presented in a prior

26       application shall be dismissed unless--

27         (A) the applicant shows that the claim relies on a new rule of

28       constitutional law, made retroactive to cases on collateral review by

the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b) (emphasis added).

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claims prior to the filing of the instant Petition.  Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).  Because Petitioner has filed a prior federal habeas petition challenging the same convictions, his claim that his Petition is timely under the actual innocence exception must be considered in the first instance by the Ninth Circuit.  See e.g., Ghafur v. Perkins, 2014 U.S. Dist. LEXIS 5884, at *8 (E.D. Cal. Jan. 16, 2014) ("If Petitioner wishes to argue … that sufficient evidence exists to satisfy the 'actual innocence' standard, those are arguments she must bring to the Ninth Circuit, not this Court.  In the absence of Ninth Circuit permission, this Court lacks jurisdiction to consider a successive petition.").

1        IT IS THEREFORE ORDERED that this action be summarily dismissed

2    without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in

3    the United States District Courts.

4        LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6    DATED:  October 26, 2016

7                                                          _____

8                                                          TERRY J. HATTER, JR.

9                                                          UNITED STATES DISTRICT JUDGE

10

11   Presented by:

12   _____

13   KAREN E. SCOTT
     United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28